Good morning. May it please the court, Jonathan Libby, appearing on behalf of Alan Jose Raul Aparicio. Your Honor, Mr. Aparicio is serving an above guideline 87 month prison sentence for purchasing over-the-counter cold medication. But because that sentence is the result of both procedural errors at sentencing and is substantively unreasonable, this sentencing must be ordered. There were several procedural errors in this case. First, the court failed to correctly calculate the advisory guideline match. It was only after the judge had imposed sentence and in fact had advised Mr. Aparicio of his appellate rights that counsel raised the fact that the court had failed to address some legal arguments and at that point the court then... Failed to address what? Several legal arguments that had been made about some of the power adjustments that should have applied. The court then proceeded to go through those adjustments and then ruled in favor of the defendant. Coming up first with... The first advisory had sentenced him to 87 months. He then found that the guideline match was 70 to 87 months and said, but I still find 87 months is reasonable. And then it was pointed out there was another error, another issue the court had failed to address. So the court then went through that again, found in favor of the defendant and found, okay, yes, in fact the guideline matches 51 to 63 months, but nothing's changed since 10 minutes ago when I imposed an 87 month sentence. Of course, lots have changed in that 10 minutes. The court had come up with a completely different advisory guideline, a guideline match. And this court, prior to the Wesson decision, had made clear that the courts are supposed to consider the guideline match throughout the sentencing proceeding. And in the Wesson case earlier this week, the court reaffirmed that and made clear that certainly if there is an outside guideline match sentence that's imposed, that the record must be clear that the court considered the guidelines throughout the sentencing process. Clearly that did not happen here. In addition to failing to consider the correct guideline match throughout the sentencing process, the court also failed to give an explanation for why the above guideline sentence was then necessary. When the court had initially imposed an 87 month sentence, the court said, I'm imposing a low end sentence because there are a number of mitigating factors in this case. There are no aggravating factors in this case. So I find that a low end 87 month sentence is justified. Thereafter, when courts found that in fact the correct guideline match was 51 to 63, the court said nothing had changed. And so therefore it never went back and gave any explanation for why this sentence, which was now substantially above the guideline match, was appropriate or not. Mr. Aparicio had raised a non-frivolous down report argument regarding the guidelines for pseudo-Fedman offenses, arguing that they had been imposed primarily through congressional dictate rather than through sentencing commission study. And as a result, as several district courts had found across the country, those guidelines were too high for these types of offenses. The down report argument, which again, I believe Cardi already said courts are required to do that. Certainly in the Rassam decision earlier this week, it made very clear that that absolutely was a procedural error. So based on all of those factors, I think it's pretty clear there was substantial procedural error here. We've also argued that there was the sentence imposed itself, the guideline match was 51 to 63 months. There were mitigating factors in this case. There were no aggravating factors. His criminal history consisted of two misdemeanors. One, that was nine years old. The other was a purported assault on his sister, who had then recanted and said it didn't happen. There's nothing in this record that would justify a sentence of 87 months on this record. Counsel, there were 976 purchases. It's my understanding that that's how many there were over the course of a year. That's correct. So that's a little excessive perhaps. I would certainly not disagree with that, Your Honor. But the court made no reference to that, certainly, as a basis for its actions. That seems to be the one thing in the record that cuts against your position. I would agree with that, Your Honor. So unless the court has any questions, I will reserve the balance. Okay. Thank you. Okay. Good morning, Your Honor. Nicholas Trutanich on behalf of the United States. The lower court imposed a procedurally and reasonable, procedural and The court considered the five steps articulated in the respondent and in Here's my problem with your side of the case, and maybe you can respond to this. Had the guideline calculation not become so much of a moving target, I think you'd have a stronger argument. But at the very end, it turned out that the sentence the judge had in mind was an upward departure, rather than a guideline sentence. And I didn't see the kind of explanation following that realization that would ordinarily be anticipated for an upward departure. Can you respond to that concern? Yes, Your Honor. I think in order to best do that, I'd like to give the court some background. The sentencing hearing had three different stages. The first stage from page 10 to 34 in the excerpts of record was the stage where effectively the low-end sentence was given. And in that stage, the court did make reference to aggravating factors, the 976 purchases that Judge Fletcher pointed out to, or pointed out, as well as the length of time that this occurred. In stage two, effectively the high-end range of 87 months, the court listed off a number of aggravating factors in excerpts of record 37 and 38. And in stage two, that was when defense counsel objected to the sentencing cap in 2D1.11a. After that happened, there was the upward departure that the court, that Your Honor asked about. And that happened after I asked the court to make a finding that supported the record that the defendant actually knew that this pseudoephedrine was being made into methamphetamine. Now, the court didn't make that finding. And he said, there's not enough evidence in the record. And this, I think, addresses Your Honor's question. When he said nothing had changed, although the guidelines had changed from stage one to stage three, nothing had changed in the court's mind's eye about the nature of this crime. He believed in stage one, as he believed in stage two, as he believed in stage three of the sentencing hearing, that this defendant didn't actually know that the court merely believed that the pseudoephrine, he should have known, the defendant should have known that the pseudoephrine was being made into methamphetamine. And that's important because of 2D1.11b.2, which has that three-level enhancement. The problem, though, counsel, is he really bungled his computations at the first – when he gave the 87 months, initially he thought it was at the low end of the guideline. That's correct, Your Honor. And he stuck to that stubbornly, just saying nothing has changed. Well, Your Honor, in stage two of the hearing, he did say on Excerpt to Record 37 that this was a proper sentence for this defendant and his conduct. He also made reference that the defendant committed this crime over and over and over and over again. Don't we usually require, though – let's say we started out everybody knowing what the right guideline was. What would the court have had to do to explain an upward departure sufficiently? I understand. And I think what sheds some light on it is, in fact, in each one of the stages, the court looked at both the guidelines and then the 3553A factors. In stage one, that happened on Excerpt to Record 30, where he looked at the guidelines. On stage one, that happened – But he never comes out and says what would ordinarily happen had it been correct from the beginning, which is, I'm cognizant of the guidelines and I find that they are not sufficient deterrence or not sufficient to punish or whatever the factor or factors are from 3553 that the court wants to rely on. And I don't see where the court really undertakes that analysis. Two points, Your Honor. First, the court does address the guidelines in saying that the government's 108-month recommendation and the PSR's 160-month calculation – 68-month calculation was too high. He also says that the 36-month requested by defendant was too low. I think that goes to the weight of how he gave the – what he gave the guidelines. But also in stage three of the sentencing hearing, right before the sentencing hearing concluded, he said that he incorporated by reference the findings that he made that this brought harm to society, that this is dangerous conduct. He incorporated those references made in stage two of the sentencing hearing, and that's at Excerpts of Record 37. Where he incorporates those is Excerpts of Record 41 and 42. And so if the court was just to look at stage three by itself, I think there's an adequate – there's an adequate justification for that sentence. Further, to go back to the psalm, that this Court's opinion in the psalm, I think that under Cardi, the explanation given by this – by the lower court was sufficient because this is a simple issue. Did the defendant know, actually know, or did he reasonably should have known that this was being made into methamphetamine? The court decided that. In Rassam, the cooperation lasted over five years, 22 different hearings, cooperation hearings. And in fact, in that case, something actually had changed. Between the first time in 2005 when Rassam was convicted and sentenced, he had recanted. The government had to dismiss two cases, and he recanted all of his previous cases. And that's the difference between the sentence in Rassam versus the sentence in this case. It's a simple case under Cardi, and there was sufficient evidential evidence to support it. As to the – as to defense counsel's argument that the court did not address the downward departure, the court did. He said that 36 months was inadequate. He also said – and that's what the defense counsel's argument is, including the defendant's paper where they asked for that departure. With that, he has – if the court does get to the substantial reasonableness of the sentence, I would – I would say that if considering this record on a whole as – as required in Autry, that there is enough to say that this is a substantively reasonable sentence, and the court did not abuse its discretion in both the procedural and in the – under substantive reasonableness, this court's record could have been better. But it wasn't abuse of discretion, and it wasn't – and they were both procedurally and reasonable sentences. But he didn't really get the calculation right until he determined the 87 months. Yes, Your Honor, but in painstaking detail throughout the entire sentencing hearing, he considered the guidelines, and he ultimately came to a guideline calculation that was correct, that the parties were correct. Then he went to the 3553A factors and said, everything I said before about this being a bad crime, I incorporate here. And so under that record, I think that it's enough, and I think the law says that it's enough. And with that, Your Honor, if there's no other questions, I respectfully submit. All right. Your battle. First, Your Honors, I would note, the record shows the court did not consider the correct guideline range throughout the sentencing process, and we would submit that it's not merely, as the government just suggested, that the court considered the guidelines throughout the sentencing, but that the court considered the correct guidelines throughout the sentencing. And if one reads party, if one reads resound, it's very clear that the first step in the process is to get it correct, and if the court doesn't get the guideline range correct to begin with, everything else that follows is error. So that's point one. I would note the fact that the court said it was – the defendant's request for a deferral doesn't at all suggest that the court was rejecting the departure argument that the defense had made. Given the fact that the court – that the defense had also raised several other legal arguments with respect to the adjustments, which the court failed to address, it would suggest the court was not necessarily considering the departure argument at any point during the proceeding. And just, Your Honor, the record as a whole simply does not suggest – support the suggestion that the court gave full consideration to the correct guideline range of 51 to 63 at any point. I think the court just came up with the 87 and, you know, didn't want to start the process again. And unfortunately, that's what should have happened. And unless the court has any additional questions, I'll submit. All right. Thank you very much. And this session of this court, which has lasted five days, is now terminated. And I wish you all a good weekend. And for all of you from San Diego who do such good jobs here, bon voyage. All rise. This court is now adjourned.
judges: Fletcher B. , Pregerson, Graber